## TOWN OF WALTERS v. ORTH.

No. 7532—Opinion Filed June 6, 1916.

(158 Pac. 352.)

### 1. Trial—Instructions—Issues.

Where an issue is raised by the pleading that the plans, specifications, and estimates which were to be furnished by the plaintiff to the defendant, when furnished, were so vague, indefinite, obscure, and incomplete that the same could not be comprehended, and reputable contractors were unable to understand the same sufficiently to bid thereon, in order to procure contracts to perform the work for which the same were prepared, the party making such defense has the right to have the same submitted to the jury under proper instructions, and an instruction: "If you find from the law as given you by the court and the evidence that the duly elected and legally qualified board of trustees of the town of Walters made and entered into a contract as alleged, whereby the plaintiff, Orth, was to perform certain duties as provided in said contract, and that the said Orth pursuant thereto furnished said board of trustees of the town of Walters with plans and specifications and estimates of cost of construction as provided for in said contract, then I charge you that you should find for the plaintiff in such sum as is provided for in said contract, On the other hand, should you find from the

evidence that the said Orth failed or refused to furnish such plans and specifications and estimates of the cost of construction as called for in said contract and that said plans, and specifications and estimates of cost of construction, if prepared, were not accepted and approved by the board of trustees, as provided under the terms of the contract, for the reason that the same were insufficient or incomplete, then I charge you that you find for the plaintiff"—does not present that issue to the jury, and the same is error.

### 2. Municipal Corporations—Creation of Indebtedness—Validity of Contract.

Under art. 10, sec. 27, of the Constitution of this state, any contract of any city incurring an indebtedness for any purpose named therein which required the assent of the voters therefor is void, unless such city, before or at the time of incurring such indebtedness, shall provide for the collection of an annual tax in addition to the other taxes provided for by the Constitution sufficient to pay the interest on such contracted indebtedness as it falls due and to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same.

(Syllabus by Hooker, C.)

Error from District Court, Cotton County; Cham Jones, Judge.

Action by Charles Orth against the Town of Walters. Judgment for plaintiff, and defendant brings error. Reversed.

Amil H. Japp, Dudley B. Madden, and W. A. Ruggles, for plaintiff in error.

J. C. Norman and Lon Morris, for defendant in error.

Opinion by HOOKER, C. The defendant in error alleged in his petition that the town of Walters, on or about the 14th day of February, 1910, made and entered into a written contract with him whereby it was agreed that he should prepare and furnish to it certain plans and specifications for waterworks, electric light, and sanitary sewer system, and estimates of the cost thereof, which it proposed to construct, and that for his services he was to receive the sum of $500; that he performed all of the services required of him under said contract and was entitled to receive his money. For the second cause of action he alleged that on or about the 14th day of March, 1910, he, being at that time a civil engineer, was employed by the city of Walters to superintend the construction of the waterworks, electric light, and sanitary sewer system, for which he was to receive $1,000; that he has been at all times ready, willing, and able to perform the services required of him under said contract, but that the city of Walters refused to permit him to perform said services or to carry out

said contract; and that by reason thereof he was damaged in the sum of $1,000.

The city filed an answer, which admitted that it had the contract with the defendant in error to furnish the plans and specifications and estimates as alleged in the first cause of action, but that the said defendant in error did not furnish said defendant with complete plans and specifications as called for in said contract, but that the same thus furnished were so vague, obscure, and incomplete that reputable contractors after an examination of the same were unable to understand or comprehend them, and refused to bid for said work to be completed under said plans, and that by reason of the failure of the defendant in error to furnish the plans contemplated by the contract he was not entitled to recover anything upon the first cause of action. To the second cause of action the city of Walters answered, denying its authority to enter into said contract on account of the sum of money involved exceeding the income and revenue of the defendant, and stating that said contract had not been assented to by a three-fifths vote of the people at an election called for that purpose, and for a further defense the said city alleged that the defendant in error had never performed any services under the second provision of said contract—that is, for superintending the construction of said work—and that it was never contemplated that he should perform said services unless the plans and specifications which were to be furnished by him by the terms of the first contract were adopted by the city, and that, inasmuch as he had failed to comply with his first contract to furnish the plans to the city, he had no cause of action in his favor against the city upon the second cause of action set forth in the petition.

Upon these issues the case was tried, and the same resulted in a verdict in favor of the defendant in error and against the city of Walters for the sum sued for. Several assignments of error are urged and presented for our consideration, but under the view that we take, it will be unnecessary to consider them all.

Instruction No. 1 is as follows:

"You are instructed, gentlemen of the jury, that if you find from the law as given you by the court and the evidence that the duly elected and legally qualified board of trustees of the town of Walters made and entered into a contract as alleged, whereby the plaintiff, Orth, was to perform certain duties as provided in said contract, and that the said Orth pursuant thereto furnished said board of trustees of the town of Walters with plans and specifications and estimates of cost of construction as provided for in said contract,

then I charge you that you should find for the plaintiff in such sum as is provided for in said contract. On the other hand, should you find from the evidence that the said Orth failed or refused to furnish such plans and specifications and estimates of the cost of construction as called for in said contract, and that said plans and specifications and estimates of cost of construction, if prepared, were not accepted and approved by the board of trustees as provided under the terms of the contract, for the reason that the same were insufficient or incomplete, then I charge you that you find for the plaintiff,"

It is apparent from a casual examination of this instruction that the same is error, for under the issues as presented by the pleadings here the defendant in error was not entitled to recover if he failed or refused to furnish the plans and specifications and estimates as called for in said contract, nor was he entitled to recover if the same were incapable of being used on account of their defective, vague, or incomplete condition. The plaintiff in error was entitled to have this issue presented to the jury, but the instruction given by the trial court does not do so.

It is contended by the plaintiff in error that the contracts created no valid indebtedness against the city and in favor of the defendant in error, for the reason that the city failed to comply with sec. 27, art. 10, of the Constitution of the state of Oklahoma, in that it failed, before or at the time of incurring such indebtedness, to provide for the collection of an annual tax, in addition to the other taxes provided for by the Constitution, sufficient to pay the interest on such indebtedness as it fell due, and also to constitute a sinking fund, etc. The evidence here shows that the proposition to issue bonds by the city of Walters was voted upon on December 9, 1909, and that the contracts sued upon were made in February and March, 1910; that the board of trustees took no further steps to carry out the result of the bond election until the 13th of June, 1910, when they passed a resolution or ordinance authorizing the issuance and fixing the details and form of bonds, and providing for tax levies for the payment of principal and interest thereon.

It is claimed that the authority to issue such bonds is not in the people, but that popular consent is but one of the several conditions upon which they may be issued, and that before there can be a valid issuance every constitutional prerequisite or condition must be complied with. The town board, after complying with the constitutional provisions, may issue the bonds. At the time of making these contracts with plaintiff, no provision, as provided by the Constitution, for

the levying and collecting of a tax, in addition to the other taxes provided for by the Constitution, sufficient to pay the interest on said indebtedness as it fell due, or to constitute a sinking fund for the payment of the principal thereof, had ever been made. It appears that this question has oftentimes been before the Supreme Court of the state of Texas. and in the following cases that court has construed the constitutional provision similar to ours, which we will briefly quote here:

In the case of Mitchell v. Bank, 91 Tex. 361, 43 S. W. 880, that court said:

"Under Const. art. 11, sec. 7. providing that no debt shall be incurred by any city or county unless provision is made for levying and collecting a sufficient tax to pay the interest, and providing at least 2 per cent. as a sinking fund, provision must be made at the time of creating the debt, or previously, by which the rate of tax to be levied shall be so definitely fixed that it is merely a ministerial act to determine it. '

Also in Bank v. C.ty of Terrell, 78 Tex. 456, 14 S. W. 1005, that court said:

"While our Constitution authorizes the creation of a debt and the issuance of its negotiable bonds by the defendant city to provide for constructing waterworks, its mandate is imperative that no such debt shall be created without making provision at the time of its creation to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of at least 2 per cent. on the principal. Until that is done the debt is not created and none exists."

And further on in the opinion in this case it is said:

"The command of the Constitution that no debt shall be created. without at the same time providing for the levy and collection of a tax for its payment, was evidently designed not more to insure the payment of honest debts than to admonish the people whose property was being charged with them of that fact. * * * When the debt is void in its inception for want of authority to create it, no subsequent ratification of it by the collection of taxes or otherwise can give to it any validity, nor can there then be such a thing as a bona fide holder of the obligations, with a right to collect them notwithstanding the want of power in the city to create the debt."

Also in the case of Bassett v. City of El Paso, 88 Tex. 175, 30 S. W. 894, it is said:

"By requiring the annual collection by taxation of a 'sum sufficient' to pay the interest and provide the sinking fund, the gradual payment of the debt was secured, the taxpayers were given an annual warning of the amount of debt being imposed upon them by their officers. and the power of such officers, in contracting such debts. was limited by the restrictions placed by law upon the powers of taxation for such purpose."

In Howard v. Smith, 91 Tex. 8, 38 S. W. 15, it is said:

"A contractor agreed with a city for the paving of certain streets, the city to issue and deliver to him, six months after the completion of the work, its thirty-year bonds for the amount due under its contract. Held, that since the improvement was not a matter of current expense, and it did not appear that there was any fund, at the date of the contract, within the control of the city, out of which it was to be paid, such obligation was a debt within the meaning of the Constitution; and since no provision was made for interest and sinking fund at the date of such contract, it was void, and imposed no obligation upon the city to pay for the work."

Applying the rule announced in these cases, and giving to the Oklahoma Constitution the same construction that the decisions of the Texas courts give to the Texas Constitution, we are compelled to hold that the obligations of the defendant in error cannot be recovered upon here, for the reason that the provisions of the Constitution were not complied with at the time the contract was made; but, inasmuch as this constitutional provision was observed before the bonds were issued, the same are not involved in this case, nor affected by this opinion.

The judgment of the lower court is reversed.

By the Court: It is so ordered.