# OKLAHOMA NATURAL GAS CORP. v. STATE et al.

No. 19519.   Opinion Filed Jan. 14, 1930.

Allen, Underwood & Smith, Ames, Cochran & Ames, and Linebaugh & Pinson, for plaintiff in error.

Archibald Bonds, for defendant in error Muskogee Natural Gas, Inc.

Jno. W. Porter and Cruce & Franklin, for defendant in error Municipal Gas Company.

SWINDALL, J. This appeal involves two orders issued by the Corporation Commission of the state of Oklahoma, in cases No. 8505 and 8517 pending before said Commission, and herein are involved purported orders of the Corporation Commission issued pursuant to the provisions of sections 5 and 6 of chapter 102, Session Laws of Oklahoma 1925.

The Municipal Gas Company, a corporation, sought a certificate of convenience and necessity to supply and sell natural gas within the corporate limits of the city of Muskogee in cause No. 8505. The Muskogee Natural Gas, Inc., sought a certificate of convenience and necessity to supply and furnish natural gas within the the corporate limits of the city of Muskogee in cause No. 8517. Each of these defendants in error was proceeding pursuant to sections 5 and 6, chapter 102, Session Laws of Oklahoma 1925, in asking for said certificate of convenience and necessity, prior to applying for a charter from said municipality. The Oklahoma Natural Gas Corporation, a corporation, plaintiff in error, appeared before the Corporation Commission as a party in interest claiming that it was operating under a revocable permit granted by the Corporation Commission to the Oklahoma Gas & Electric Company, which franchise the Oklahoma Gas & Electric Company had surrendered for the permit. The defendants in error challenge the right of the Oklahoma Natural Gas Corporation to object to the issuance by the Corporation Commission of said certificates of public convenience and necessity, for the reason that it is claimed by said defendants in error that it has not been shown that the Oklahoma Natural Gas Corporation is the holder of a revocable permit to supply, furnish, and sell natural gas to the consumers within the corporate limits of the city of Muskogee.

Owing to the fact that chapter 102, Session Laws of 1925, has been declared by this court to be unconstitutional, we do not deem it necessary to discuss the several issues raised by the several parties in their briefs in this case.

We held in the case of City of Okmulgee, a Municipal Corporation, Plaintiff in Error, v. Okmulgee Gas Company, a Corporation, Defendant in Error, Oklahoma Natural Gas Corporation, Maryland Corporation, substituted Defendant in Error, No. 18425, 140 Okla. 88, 282 Pac. 640, that chapter 102, Session Laws of the 10th Legislature of Oklahoma 1925, commonly known as House Bill No. 4, being an act relating to the business of furnishing power, light, heat, gas, e ectricity, or water in cities and towns; authorizing the surrender of municipal franchises in exchange for revocable permits, requiring certificates of convenience and necessity, and providing for the determination and issuance thereof, and repealing acts in conflict therewith, by its terms authorizes any person, firm, association, or corporation now or hereafter engaged in the business of furnishing power, light, heat, gas, electricity, or water as a public utility in any city or town in this state under a municipal franchise, now in existence or hereafter granted by such municipality, at any time before the expiration of such franchise, but not thereafter, to file with the clerk of the municipal corporation which granted such franchise and with the Corporation Commission of the state of Oklahoma a written declaration and agreement issued in the manner required for the execution of conveyances of real estate, that it surrenders such municipal franchise for the purposes mentioned in said act; and in consideration, the utility surrendering the same shall, by operation of law, receive in lieu of such surrendered franchise a permit from the state, revocable only by the Legislature of Oklahoma, whenever in its opinion such permit may be injurious to the citizens of this state, in such manner, however, that no injustice shall be done to the holder of such permit—in effect authorizes the converting of a limited franchise granted by a municipal corporation into a perpetual franchise, and therefore violates section 32 of art. 2 of the Constitution, which declares that perpetuities and monopolies are contrary to the genius of a free government and shall never be allowed; and further, that said chapter 102 of the Session Laws of 1925 is invalid in that it deprives the qualified electors of a municipality from granting, renewing, or extending a franchise for not exceeding 25 years, such power being reserved in our Constitution by the people to themselves under section 5a of art. 18 of the Constitution; and that chapter 102 of the Session Laws of 1925, commonly known as House Bill No. 4, burdens and violates section 5b of art. 18 of the Constitution in that it deprives 25 per centum of the total number of electors voting at the next preceding general municipal election from presenting a signed petition to the chief executive officer of a municipality demanding that

a franchise be granted, extended, or renewed, and filing the same with the chief executive officer of said municipal corporation, and deprives such chief executive officer from calling an election thereon within ten days after the same is filed for the purpose of submitting the question of whether or not such franchise shall be granted, extended, or renewed, and if, at said election, a majority of said electors voting thereon shall vote for the granting, extension, or renewal of such franchise, said act deprives and prevents the proper authorities of such municipality at the next succeeding regular meeting of the legislative body of the city from granting, extending, or renewing such franchise, such power being reserved in our Constitution by the people to themselves under section 5b of art. 18 of the Constitution.

We do not feel that any useful purpose could be served by further discussion of the constitutionality of chapter 102, Session Laws of 1925, in this case, for what we said in City of Okmulgee v. Okmulgee Gas Co., supra, applies with equal force to this case.

We also hold that, chapter 102, Session Laws of 1925, being unconstitutional and void—

"The Corporation Commission of the state of Oklahoma is without jurisdiction, power, or authority to determine the question of whether or not a certificate of convenience and necessity should be issued to any person, firm, corporation, or association to supply and sell power, light, heat, gas, electricity, or water in incorporated cities and towns, and said Commission is without jurisdiction, power or authority to issue such certificates, as this is a question that must be determined by the qualified electors of the municipality as authorized and provided for by sections 5a and 5b of art. 18 of the Constitution, and this right reserved in our Constitution by the people to themselves cannot be taken away from them by the Legislature, and any act of the Legislature which attempts to do so violates the letter and spirit of our Constitution, and is therefore void."

We therefore hold that the action of the Corporation Commission in assuming power, jurisdiction, and authority to determine the question of whether or not there should be issued a certificate of convenience and necessity to supply and sell natural gas within the corporate limits of the city of Muskogee, Okla., in causes No. 8505 and No. 8517, was beyond the power and jurisdiction of the Corporation Commission, and that the act of the Legislature under which the certificate of convenience and necessity was issued is unconstitutional and void, and these

causes are for that reason reversed and remanded to the Corporation Commission of the state of Oklahoma, with directions to the Commission to dismiss said proceedings for want of jurisdiction.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. HUNT, J., dissents.

Note.—See "Franchises," 26 C. J. § 98, p. 1040, n. 33. "Monopolies," 41 C. J. § 13, p. 87, n. 64.