## CITY OF TECUMSEH et al. v. BUTLER.

No. 21429. Opinion Filed April 14, 1931.

Ira B. Burnes, Burnes & White, and Mason, Williams & Lynch, for plaintiff in error J. F. Pritchard.

Clarence Robison, for city and council.

Cutlip & Cutlip, Arrington & Evans, and Rainey, Flynn, Green & Anderson, for defendant in error.

KORNEGAY, J. This is a proceeding in error from the district court of Pottawatomie county, brought by the city of Tecumseh and J. F. Pritchard & Company, W. W. Gilbert, as mayor of the city of Tecumseh, Henry C. French, as city clerk of Tecumseh, C. O. Bailey, M. L. Penney, W. F. Stilley, and Clyde McMahan, city commissioners of said city. The case started by the present defendant in error, G. C. Butler, a taxpayer of the city of Tecumseh, bringing an action to enjoin the plaintiffs in error from carrying out an agreement to install a power plant and ice plant in the city of Tecumseh upon the conditions set out in it. Under the terms of the agreement, the city of Tecumseh was to operate the plant and repair it and pay the expenses and pay each month a certain amount until the plant was paid for.

The agreement that was entered into between the parties is as follows:

"Agreement.

"Price: The price of the complete power plant and ice plant, erected and placed in an operating condition as above specified, shall be $120,490.

"Terms: The city agrees to pay a monthly rental for the above described property of $1,000 per month for the first 12 months, $1,500 per month for the next 12 months; and $2,000 per month thereafter, until the full sum of $120,490 is paid. The first rental being due and payable on the first day of the month following the completion and operation of the two Diesel engines. When the monthly rentals, paid in the above manner, shall be equal to the purchase price of the plant as above stipulated, title to the said property shall vest in and pass to the city.

"All deferred payments are to be evidenced by pledge notes of the municipality payable to our order, dated and delivered as to the date of the completion and operation of the two Diesel engines, and shall bear interest from said date at the rate of 6 per cent. per annum, said interest being payable quarter-annually, in addition to the rentals as aforesaid.

"The city shall have the right to redeem any outstanding pledge notes on any interest date.

'It is agreed that the obligation to make the payments of rentals above specified shall not be a general obligation of the municipality payable from taxes, or from its general funds, but that it shall be a special obligation payable from the net revenue of electric and ice utilities. The municipality agrees to operate these properties in an efficient and economical manner and to maintain the rates in effect at present so far as may be necessary to produce revenue sufficient to provide for the payments called for by this contract, and so far as it may be permitted to do so by law.

"Default: In the case of default of any monthly rental payment, or any quarterly payment of interest, for a period of more than 60 days after due, or upon breach of the city's obligation to keep such equipment in good repair, we shall have the right and privilege to enter into immediate possession of said property, and we shall have the option and privilege to either operate said property, or remove said equipment, and the failure to exercise the rights or options arising because of default, on account of any default, shall not be construed as a waiver of our rights hereunder, on account of any future default or defaults. In the event we elect to operate such plant or plants after default, we agree to operate the same in an economical and efficient manner and to apply all net earnings on the indebtedness, and, when the default is fully paid, to return the operation of the plant to the city. We also agree that the city may examine our books at all times. Provided, further, that our rights to exercise our option in case of default shall not be exhausted by the exercise of such option on one default, but shall be effective at any subsequent defaults.

"It is distinctly understood that, in case of default of payments, all rentals heretofore paid shall belong to us and shall in no way create any lien or interest of the city, in or to said property, or any part thereof, and only in case of complete payment of the rentals herein provided for, shall the city obtain or have any title or interest in said property.

"Ordinance: You are to pass appropriate ordinance or ordinances providing for the acceptance of this proposal, and for the execution of a contract between the city and ourselves, embodying the provisions of this proposal, and it is distinctly understood that this contract is entered into by us subject to the approval of our attorneys, as to the legality and protective provisions.

"In witness whereof, we hereunto set our hands and seals.

"J. F. Pritchard & Co.
"By J. F. Pritchard
"Dated, March 12, 1930.

"City of Tecumseh, Oklahoma
"W. W. Gilbert, Mayor Commissioner

"Henry C. French, City Clerk
"(seal.)

"Approved March 17, 1930, Clarence Robison, City Atty."

Ordinances were passed to carry out this proposal, and a contract so to do was entered into, and ordinances authorizing it, as well as an interpretative agreement that was added to it, the interpretative agreement being found on page 15 of the case-made, and is as follows:

'Pursuant to the authority conferred by ordinance No. 14 of the city of Tecumseh, Okla., passed March 14, 1930, and ordinance No. 15, passed April 24, 1930, J. F. Pritchard, doing business as J. F. Pritchard & Company, and the city of Tecumseh, Okla., hereby ratify, adopt, and approve the contract referred to in the said ordinance No. 14, upon the understanding and condition that the original and present intent, effect, and obligation of the said contract was and is to obligate the city for the expense of operating and maintaining the said plants, the carrying of insurance thereon, the installation of repairs parts provided for said plants by the contractor, and all other like and similar expenses, and the payment for said plants only to the extent of the revenues received by the city from said plants (less such allowance as may be required by law for the use of the electric distribution system now and heretofore owned by the said city) and in no way to increase the total indebtedness of the city; and the city is permitted to purchase said plants at any time by payment of the amount of said rentals remaining then unpaid.

"J. F. Pritchard & Company
"By J. F. Pritchard
"City of Tecumseh

"Attest By Henry C. French (Clerk)
"By W. W. Gilbert, Mayor."

There were a great many arguments urged in the briefs for and against the proposition that this was a valid contract, and that it could be constitutionally entered into by the legislative authority of the city without a vote of the people.

Analysis of the contract will show that it violates the part of the Constitution embraced in sections 26 and 27 of article 10, and also section 5 of article 18, the first forbidding indebtedness beyond the funds provided without a vote of the people, and the other vouchsafing to the voters the privilege of voting on the allowance of franchises.

If this contract is not carried out by the city and the payments made, and the selling company, J. F. Pritchard, are allowed to operate under it, it, in effect, would be the permitting them to engage in the business of furnishing electricity and ice to the people of Tecumseh, and they thereby would get the benefit of a franchise without the people ever granting it. That this arrangement would be violating the Constitution is evidenced by an inspection of it. The Legislature undertook, in House Bill No. 4, to transfer this function to the Corporation Commission, but this court, in the case of the City of Okmulgee v. Okmulgee Gas Co., 140 Okla. 88, 282 Pac. 640, followed by the case of Oklahoma Natural Gas Corporation v. State, 141 Okla. 80, 284 Pac. 40, held that it could not be done.

This doctrine has been announced in several other cases. We are not inclined to overrule that doctrine.

The debt creation that is set out in this case, as it appears to us, is forbidden by sections 26 and 27 of article 10 of the state Constitution, and this feature of a similar contract has heretofore, in an opinion by this court, in the case of Zachary v. City of Wagoner, 146 Okla. 268, 292 Pac. 345, been considered, and it was there held that the scheme here set out would violate those sections of that article.

It follows, therefore, that the action of the lower court, in restraining the carrying out of this agreement, was right, and its action is accordingly affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., concurs in the conclusion. CLARK, V. C. J., absent.