## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 22092.   Opinion Filed July 28, 1931.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

Jerome Sullivan, Co. Atty., and J. P. Speer, for protestee.

ANDREWS, J.  This is an appeal from a judgment of the Court of Tax Review sustaining the protest of the Chicago, Rock Island & Pacific Railway Company as to the current expense fund of the town of Comanche, Okla., for the fiscal year commencing July 1, 1930, reducing the amount of the appropriation therefor and reducing the rate of levy therefor.

The protestee, the town of Comanche, defended the appropriation and rate of levy for the current expense fund, as fixed by order of the excise board, on the theory, as shown by the case-made, "that the appropriation asked for in the budget is for the payment of one year's rental on said fire truck covering a period from November 5, 1930, to November 5, 1931." The record shows that the board of trustees of the town of Comanche, in its estima'e of needs for the fiscal year in question, includ:d the sum of $2.120 for the purpose of paying the rental on a fire truck for a period from November 5, 1930, to November 5, 1931.

The protestee contends that no indebtedness was incurred by reason of the contract and that the contract is not void as in conflict with the provisions of section 26, art. 10, of the Constitution.  The protestee has evidently overlooked the fact that the Constitution of the state of Oklahoma provides for a fiscal year.  Under that provision, a municipality may not use funds provided for a fiscal year for the payment of expenses of the municipality during a subsequent fiscal year.  The cost of municipal government for any fiscal year must be paid from the revenues provided for that fiscal year and may not be paid from revenues provided for any prior or subsequent fiscal year.  C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 Pac. 48; Aaronson v. Smiley, Co. Treas., 142 Okla. 29, 285 Pac. 59; In re Protest of Gypsy Oil Co., 141 Okla. 298, 285 Pac. 66; In re Protest of St. Louis-S. F. Ry. Co., 141 Okla. 300, 285 Pac. 65.

There is some contention between the parties as to the effect of a certain contract entered into between the town of Comanche and the manufacturer of the fire truck, but we do not consider it necessary to determine the contention with reference thereto. Whether or not that contract is a valid contract is not an issue before this court at this time, and this court declines to determine any of the contentions made with reference thereto.  We are here concerned with only one question, and that is, whether or not the appropriation, as requested by the board of trustees of the town of Comanche and made by the excise board, was authorized.  The Court of Tax Review held that it was excessive to the amount of $2,120 and ordered a reduction in that amount.  As hereinbefore stated, the sum of $2,120 included in the appropriation was for the purpose of paying the rental on property over a period extending beyond the end of the fiscal year.  The town of Comanche was without authority during the fiscal year commencing July 1, 1930, to pay rentals on property over a period extending to November 5, 1931, for the reason that the period from July 1, 1931, to November 5, 1931, is beyond the fiscal year commencing July 1, 1930.

The contract relied upon by the town of Comanche as the basis for its claim provided for a yearly rental payable in advance on November 5, 1930.  It is not contended that that rental is divisible, and the contract plainly provides that, if the same is not paid on or before November 5, 1930, the contract should terminate.  The town of Comanche sought to procure an appropriation of sufficient amount that it might pay the $2,120 provided to be paid on or before November 5, 1930, and thereby extend the lease contract for one year from that date.  It did not seek an appropriation for the purpose

of paying a rental to July 1, 1931, doubtless for the reason that it had no contract providing for any such payment. As we have heretofore stated, the appropriation of an amount sufficient to pay the rental for one year from November 5, 1930, was excessive and void to that extent, and for that reason the protestee was without funds to pay the annual rental, according to the terms of the contract, on November 5, 1930. That contract, by its terms, terminated on that date. Since there was no agreement to pay any other rental and no intention shown by the record to pay any other rental, there was no necessity for any fund, and the Court of Tax Review committed no error in striking from the appropriation made by the excise board the entire amount of $2,120.

The results predicted by the protestee in its brief as to the effect upon the municipality of a decision of this court contrary to its contention are recognized by this court, but this court is not charged with the responsibility of the conduct of affairs of municipalities of this state. If the town of Comanche is in need of fire fighting apparatus, both the Constitution and the statutes of this state afford an adequate means for procuring the same, and, if there are not available funds sufficient to pay for the same during any fiscal year, the funds therefor may be provided with the assent of three-fifths of the voters thereof voting at an election held for that purpose. If three-fifths of the voters of the municipality are not willing to authorize the incurring of the additional expense, the results are chargeable to the citizenship of the town and not to this court.

The judgment of the Court of Tax Review is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.