## CHICAGO, R. I. & P. RY. CO. v. EXCISE BOARD OF STEPHENS COUNTY.

No. 24604.    Oct. 3, 1933.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

Jerome Sullivan, Co. Atty., and J. P. Speer, Co. Atty., for defendant in error.

WELCH, J. This is an appeal from a judgment of the Court of Tax Review denying the protest of the Chicago, Rock Island & Pacific Railway Company, a corporation, in the matter of an item included in the general fund for current expense purposes of the town of Comanche, Okla., for the fiscal year commencing July 1, 1932, for the payment of rental on a fire truck for the period from July 1, 1932, to June 30, 1933, in the sum of $1,575.

The facts as presented by the record herein are as follows:

On October 1, 1929, the town of Comanche made a contract in writing with the Seagrave Corporation for the purchase of a fire truck at a total cost of $6,000, payable $2,000 in cash, and the balance in two equal annual payments. A very short time after making this contract the parties entered into another written contract designated as a lease contract, whereby the town agreed to pay the Seagrave Corporation for the use of said fire truck $2,000 and interest during the first year, and $2,000 and interest for the second year. Same further provided that if said rentals were paid, the fire truck became the property of the town. The fire truck was delivered shortly after these contracts were entered into, and the town paid the Seagrave Corporation the sum of $2,000 in cash. At the beginning of the fiscal year 1930-31, the town procured an appropriation of $2,000 for the payment of the second installment or rental mentioned in the contracts. This appropriation was protested by the same plaintiff as appears in this case, and the protest was sustained by the Court of Tax Review, and was also sustained by this court on appeal in protest of the Chicago, R. I. & P. Ry. Co., 151 Okla. 43, 2 P. (2d) 279, the opinion being filed July 28, 1931.

On August 3, 1931, and immediately after the opinion of this court sustaining the cancellation of the 1930-31 appropriation, the Seagrave Corporation and the officials of the town of Comanche agreed in writing that the two contracts heretofore referred to were by them canceled by mutual agreement. On the same date the Seagrave Corporation in writing made the following proposition to the town officials:

"The Seagrave Corporation, hereby offers to rent to town of Comanche, Okla., one suburbanite 500 gallon triple Combinati Pumper, being the pumper heretofore used by said town, for the remainder of the fiscal year commencing July 1, 1931, and expiring June 30, 1932, for the sum of $1,575. Such pumper

to be returned in as good condition as the same now is less usual wear and usage.

"The Seagrove Corporation
"Signed By Chas. Slemp
"The Authorized Agent."

And on the same date the Seagrave Corporation delivered to the said town officials another proposition as follows:

"The Seagrave Corporation hereby agrees that if and when the town of Comanche, Okla., shall pay to the Seagrave Corporation an amount equal to, the sum of $6,000 plus interest thereon at 6% per annum from November 5, 1929, it will convey to said town by sufficient bill of sale, title to the 500 gallon Suburbanite pumper heretofore used by said town.

"The Seagrave Corporation
"Signed By Chas. Slemp
"Its Authorized Agent."

The town officials obtained an appropriation for the fiscal year 1931-32, and paid the same to the Seagrave Corporation as rent on the fire truck for the fiscal year 1931-32. This payment was acknowledged by the Seagrave Corporation by letter from it to the town officials, dated July 11, 1932, wherein they make the town officials an offer to rent the truck for the period from July 1, 1932, to June 30, 1933. The letter is as follows:

"Columbus, Ohio, July 11, 1932
"Town of Comanche, Okla.
"% J. P. Speer, Attorney at Law,
"Comanche, Okla.
"Gentlemen:

"We acknowledge with thanks receipt of check No. 3796 for $14 together with Registered Warrants Nos. 114 to 117 inclusive, $1,561 all of which cover the rental on the fire truck from July 1, 1931, to June 30, 1932.

"As we desire to rent the truck to your town for another year we shall be pleased to have you accept the proposal and the invoice enclosed, covering the period from July 1, 1932, to June 30, 1933. If this meets with your approval please advise us accordingly.

"Very truly yours,
"The Seagrave Corporation
"Signed A. C. Black,
"Secretary-Treasurer."
"ACB:MP

On July 18, 1932, the town board of trustees met in regular session and agreed to accept the proposition of the Seagrave Corporation as contained in the letter dated July 11, 1932. In compliance with the request of the town officials the excise board of Stephens county, Okla., made a general fund appropriation in the sum of $1,575 for the fiscal year 1932-33, for the payment of the rental on the truck for said year, and this is the appropriation which we have under consideration here.

The gist of the protestant's contention is that in truth and in fact the amount represented by the appropriation is not intended by the parties to be applied as a rental on the fire truck, but is actually intended to be used as an installment payment on the purchase of the truck. It contending, further, that on October 1, 1929, the town of Comanche purchased this truck from the Seagrave Corporation, and agreed to pay $6,000 for it, and that the sum agreed to be paid was in excess of the income and revenue provided for that fiscal year, and that therefore the contract was void; and contending, further, that the record in this case shows that the appropriation involved in the case at bar is simply an appropriation made pursuant to the substantial terms and provisions of this void contract and for the purpose of carrying out its provisions, and that the same is now in violation of section 26, art. 10, of the Constitution.

This court in the case of the Protest of Chicago, R. I. & P. Ry. Co., supra, sustained the protest of the appropriation made for the rental of this same fire truck, upon the grounds that the appropriation was intended for the purpose of paying rental on the truck from November 5, 1930, to November 5, 1931, and that same was in violation of section 26, article 10, of the Constitution, for the reason that it undertook to apply 1930-31 fiscal year funds for the payment of 1931-32 current expenses. The court therein did not pass upon the question of whether or not the contracts referred to herein as having been entered into in October, 1929, were void.

We have noticed at considerable length the entire transaction between the town officials and the Seagrave Corporation regarding this fire truck for the purpose of making plain the contention of the protestant herein, but we do not consider the transaction had between the parties prior to July, 1932, material to a determination of the issues herein presented, although it has been necessary for us to note the same in connection with the protestant's contention that the transaction, as a whole reflects an agreement between the parties to effect the sale of a fire truck on the installment plan, and to bind a town for current expense purposes in excess of the revenue derived for a particular fiscal year. We do not agree with protestant's contention in this connection, however.

The record in this case shows that whatever may have been the status of the original agreements made in 1929, the same were abandoned by mutual consent in 1931, and we deem it immaterial as to the cause of such abandonment, whether or not the parties concluded that same was void or otherwise. The contract having been abandoned, we know of no reason why the Seagrave Corporation, as owner of the truck, and the officials of the town of Comanche could not enter into any legal contract concerning the same in the year 1931, or in the year 1932.

Section 6055, O. S. 1931, specifically provides that towns and cities may lease and rent such apparatus and may pay the rental therefor, in the following language:

"All incorporated towns and cities in this state are hereby authorized and empowered to purchase, erect, lease, rent, manage and maintain any system or part of system of waterworks, hydrants and supply of water, telegraphing, fire signals or fire apparatus that may be of use in the prevention and extinguishment of fires and for domestic purposes; and to pass all ordinances penal or otherwise that shall be necessary for the full protection, maintenance, management, and control of the property so leased, purchased or erected. The common council or board of trustees of such city or town is hereby empowered and authorized to make provision for taxes for the purposes aforesaid, and to do all acts necessary to carry such lease and contracts of purchase, erection or maintenance into effect, and to pay the stipulated rent or contract prices for the propery so leased, purchased, erected or to be maintained."

It is clear from an examination of the last-quoted section that the town of Comanche might properly enter into a lease contract for the fire truck in July, 1932, for the fiscal year 1932-33, provided the agreement did not exceed the revenue provided for such fiscal year. There is no contention herein that the $1,575 appropriation for said fiscal year is in excess of said revenue.

We have carefully considered the protestant's contention herein, and have particularly considered the proposition of the Seagrave Corporation made to the town officials on August 3, 1931, whereby it proposed that if and when the town had paid to it the sum of $6,000, it would then convey the title to the said truck to the town. The only witness, however, who testified concerning this offer testified that no action whatsoever had been taken by the town officials concerning the same.

The best that may be said concerning protestant's contention is that it may have been and may still be the intention of the parties to continue to rent the truck and to continue payments if possible or convenient, with the ultimate view or hope on the part of the town officials of acquiring the ownership of the truck, but we find the record shows that the town officials have not undertaken to bind the municipality which they represent in any amount, save and except the $1,575 which they agreed to pay for the rental of the truck from July 1, 1932, to June 30, 1933. This, as we have observed, they may lawfully do, and it follows the tax protest was properly denied.

We must not be understood as saying, however, that when a municipality desires to purchase property or equipment which it cannot legally purchase for lack of available revenues to appropriate the sum required for the purchase, it may purchase the same upon future annual installments by disguising the transaction under a subterfuge of rent payments and thereby legalize the purchase. We are considering in this case an approved estimate or an appropriation made by the county excise board and the plaintiff's protest against that appropriation. The appropriation was made for a legitimate purpose, to wit, the payment of rental for the current fiscal year on a fire truck. The appriation, together with all other appropriations made for that year, was within the limit of legally anticipated revenues for that year. The protestant, who is plaintiff in error here, has shown no valid reason why its protest should be sustained and this appropriation vacated or set aside. Therefore, the Court of Tax Review properly denied the protest, and in that action that court is hereby affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, and BUSBY, JJ., concur. McNEILL and OSBORN, JJ., absent.