### ST. LOUIS-S. F. R. CO. et al. v. PUSH-MATAHA COUNTY EXCISE BOARD.

No. 23711. June 4, 1935.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

A. A. McReynolds, Co. Atty., for defendant in error.

WELCH, J. The excise board of Pushmataha county approved the estimate of school district No. 22 of that county, among numerous items including an item of $537.50 for "rent on trucks." A tax levy of .8 mills resulted.

Protestant insists that levy is illegal for the reason that the school district had made an illegal contract to purchase two school busses in the absence of an appropriation, and intended using this appropriation for "rent on trucks" to make an agreed installment payment on such illegal purchase.

The Court of Tax Review denied the protest, and this appeal followed. No other question is presented.

In the protest it was merely alleged that "Petitioner alleges that the appropriations illegally include an amount of $537.50 for 'rent on trucks,'" without assigning any reason for the illegality of such an appropriation.

We do not understand that protestant urges that it is illegal to make an appropriation to actually pay rent on trucks or busses to be used to transport school pupils, but rather that the school district here actually intended other use of this appropriated item.

There was no allegation in the protest that the district made this estimate with any such intention of expending the appropriated fund for any other purpose, or upon any illegal contract, nor is it necessary here that we pass upon the propriety of presenting such an attack upon a tax levy in a tax protest.

If there was any illegal contract to buy busses here, and an intention to divert this appropriation to such purpose, the proof fell far short of establishing it. No witness testified except the county clerk. He stated in apparent sincerity, in substance, that the school district had purchased two trucks or busses to be paid for, as he thought, in three annual installments of $537; he expressed it as being "the truth of the matter" that this estimate or appropriation was for one of those payments. It is not shown whether he was present when any such purchase contract was made; whether such contract was oral or written; whether he obtained his information from documents or oral statements or general understanding. No contract was introduced, and there was no other evidence of any kind.

However sincere the witness might have been in the impression he had of the matter as expressed by his testimony, we can-

not but approve the evident conclusion of the Court of Tax Review that this evidence was not sufficient to show illegality of this item of the appropriation.

Our attention is directed to Zachary v. City of Wagoner, 146 Okla. 268, 292 P. 345, and City of Tecumseh v. Butler, 148 Okla. 151, 298 P. 256. In each of these cases the plaintiff sought to enjoin the municipality from entering into an illegal contract. They in no manner involve a protest of tax levies, and are not in point here.

In Protest of C., R. I. & P. Ry. Co., 151 Okla. 43, 2 P. (2d) 279, we considered a tax protest and held the levy there based upon an appropriation to pay rent on a fire truck to be illegal. However, in that case the appropriation disclosed upon its face that it was illegal. In the instant case the appropriation does not show upon its face to be illegal, and, as pointed out above, the evidence offered to show its illegality was not sufficient.

The judgment of the Court of Tax Review denying the protest is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.