## STATE ex rel. R. J. EDWARDS, Inc., v. KEITH, City Treas.

No. 26989.   April 6, 1937.

A. N. Murphy, for plaintiff in error.

A. B. Campbell, for defendant in error.

J. Berry King, George J. Fagin, and E. C. Fitzgerald, amici curiae.

GIBSON, J. The plaintiff in error, referred to herein as relator, commenced this action in the district court of Osage county for a writ of mandamus directing defendant in error, referred to herein as respondent, to pay the interest coupons on certain waterworks bonds of the city of Pawhuska belonging to relator. From a judgment denying the peremptory writ the relator has appealed.

The bonds in question were issued by the city of Pawhuska in full compliance with the provisions of section 27, art. 10, of the Constitution. They were dated June 19, 1919, and matured June 19, 1939, with interest payable, according to coupons attached, on the 19th days of June and December of each year. After ten years from date of the bonds and prior to the accrual of the interest due June 19, 1935, the board of city commissioners called the bonds for payment and cancellation. Relator did not surrender its bonds, but on June 19, 1935, or subsequent thereto, presented its interest coupons due on that date for payment, and respondent, as treasurer of said city, by reason of the aforementioned act of the commissioners, refused payment thereof, except upon condition the bonds be surrendered for payment and cancellation at par. Relator refused the conditional offer and sought the writ.

This appeal involves the sole question of the city's right to call these particular bonds prior to the date of maturity as expressed therein.

The trial court held with respondent that, although the bonds as authorized and issued bore the maturing date of June 19, 1939, by virtue of section 6063, O. S. 1931, said bonds, at the option of the city, were subject to call after ten years as a matter of law, and that respondent was acting within her authority in demanding surrender of the bonds for payment and cancellation.

Respondent seeks to sustain the judgment of the trial court upon the theory that the statutes in force on the date of the issue of the bonds authorized a city to call its unmatured waterworks bonds after ten years from date (section 6063, O. S. 1931, and section 4507, C. O. S. 1921); and that since purchasers of municipal bonds are charged with knowledge of the constitutional and statutory authority and limitations placed upon the municipality (Eaton v. St. L. & S. F. Ry. Co., 122 Okla. 143, 251 P. 1032), the provisions of the statutes are to be read into and made a part of the bonds regardless of whether mention is made relative thereto. Board of Com'rs of Harmon Co. v. R. J. Edwards, Inc., 140 Okla. 247, 282 P. 1090. It is further urged that if the statutory provisions are not to be read into the bonds, the provisions of the bonds themselves expressly, or by necessary implication, make the cited statutes a part of the contract. The provisions here referred to are as follows:

"This bond is one of an issue numbered from one to two hundred and thirty-nine, of like date and tenor, except as to amount and date of maturity, aggregating the principal sum of two hundred thirty-eight thousand fifty-three and 00/100 dollars, and is issued for the purpose of providing funds with which to extend and improve the waterworks system of said city, to be owned exclusively by said city, under section 27 of article 10 of the Constitution and statutes of the state of Oklahoma complementary, supplementary and enacted, pursuant thereto."

It is contended in this connection that by reference, sections 6063 and 4507, supra, are made a part of the bond contract and that these statutes authorized the city, at its option, to call the bonds in the manner granted by said sections even in the absence of an express provision in the bonds to that effect. Board of Com'rs of Harmon Co. v. R. J. Edwards, Inc., supra.

Section 6063, O. S. 1931, and section 4507, C. O. S. 1921, each provide in effect that a city may redeem or call its waterworks bonds after ten years from date and before maturity.

Relator says the bonds here considered were issued pursuant to section 27, art. 10, of the Constitution, and not under the foregoing sections of the statute, and that said section of the Constitution is a self-executing grant of power, complete in itself, and cannot be limited by legislative act.

The foregoing contention is correct. The section of the Constitution is self-executing, and the power therein conferred cannot be restricted or extended by the Legislature. State ex rel. Edwards v. Millar, 21 Ok'a. 448, 96 P. 747; Dunagan v. Town of Red Rock, 58 Okla. 218, 158 P. 1170; Williams v. City of Norman, 85 Okla. 230, 205 P. 144; State v. Short, 113 Okla. 187, 240 P. 700; St. L. & S. F. Ry. Co. v. Andrews, 137 Okla. 222, 278 P. 617; Pitts v. Allen, 138 Okla. 295, 281 P. 126.

By this we do not say that the Legislature cannot prescribe a specific and convenient method of carrying out the provisions of section 27, art. 10. We held in Jurney v. Harlow, 157 Okla. 54, 10 P. (2d) 271, in the second syllabus:

"Though a constitutional provision may be self-executing, yet legislation may be desirable for the better protection of the right secured, and to provide a more specific and convenient remedy for carrying out such provision."

The only inhibition is that the rights and remedies conferred shall not materially interfere with, abridge, or extend the rights and remedies conferred by the Constitution. Many acts supplemental to section 27 have been enacted by the Legislature, among others sections 6038 to 6043, O. S. 1931, relating to the calling of and holding special elections for the issuance of bonds under section 27, art. 10.

Here the city of Pawhuska has engaged in business as authorized by section 6, art. 18, of the Constitution. In so doing, it exceeded its limitation of indebtedness as fixed by section 26, art. 10, by issuing bonds under the provisions of section 27, art. 10. The manner and means to be employed to accomplish that purpose have been defined by this court in Zachary v. City of Wagoner, 146 Okla. 268, 292 P. 345, where we held as follows:

"Section 27, art. 10, of the Constitution prescribes the manner and means municipalities must follow and comply with to exercise the power granted them by section 6, art. 18, of the Constitution, and such manner and means are exclusive."

That holding is here reaffirmed.

Section 27, art. 10, reads as follows:

"Any incorporated city or town in this state may, by a majority of the qualified property tax-paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section 26, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city: Provided, that any such city or town incurring any such indebtedness requiring the assent of the voters as aforesaid, shall have the power to provide for, and, before or at the time of incurring such indebtedness, shall provide for the collection of an annual tax in addition to the other taxes provided for by this Constitution, sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same."

Here the right in dispute deals with the method or means of retiring the bonded obligation. Under section 27, supra, the bonds may be issued to mature at any time within 25 years (McDougall v. Broken Bow, 71 Okla. 231, 176 P. 959), but no authority is granted to the city to call its bonds prior to the maturity date thereof as contained in its bond contract against the will of the owner of said bond in the absence of an express stipulation to that effect in the bond. No provision is made whereby the municipality may alter the express terms of its agreements contained in the bond.

Section 27 art. 10, was designated as an orderly and exclusive method by which municipalities may increase their indebtedness beyond specified constitutional limitations for the sole purpose of financing the purchase, construction, and repair of their own public utilities. When such enterprise is undertaken by a city its scheme for financing the same must comply with that designated in said section 27 and the statutes supplemental thereto. The sale of the

bonds, the contracting of the indebtedness, is as much a portion of that scheme as are the authorization and issuance of the bonds. Under that section the city may create a sinking fund for the payment of the principal indebtedness "within 25 years from the time of contracting the same." The "contracting" here referred to is effected by the execution of the bonds themselves and their sale and delivery to the purchaser. That contract is authorized exclusively by said section 27; and the privileges and restrictions granted and imposed by said section enter into and become a portion of the bond contract. As we have said, that section does not permit the city to alter such contract once it is made and completed with its purchaser. Any attempt on the part of the Legislature to change the duly authorized scheme of financing a utility would be unauthorized and invalid as an attempt to change the exclusive constitutional method of increasing the city's indebtedness beyond the limitation placed thereon by the Constitution. This is in accord with what we have said in Perrine v. Bonaparte, 140 Okla. 165, 282 P. 332, as follows:

"Legislature cannot take away rights or relieve city of duties imposed by constitutional provision permitting cities to issue bonds to buy utilities."

The city in the instant case issued its bonds in conformity with the Constitution. It is its duty to pay the same according to the plain terms thereof.

We find, however, that an inquiry into the constitutionality of section 4507, C. O. S. 1921, is unnecessary to a full determination of this cause. That section is a re-enactment of section 6, art. 18, of the Constitution, granting municipalities authority to own and operate their own utilities. St. L. & S. F. Ry. Co. v. Andrews, 137 Okla. 222, 278 P. 617. In addition thereto, it authorizes the issuance of bonds for the purpose of financing such enterprises to be retired by revenues raised in a manner not contemplated by section 27, art. 10, of the Constitution. Its provisions clearly reveal that it was not enacted pursuant to said section 27, and therefore has no relation thereto. The material portion of the statute follows:

"Every municipal corporation within this state shall have the right to engage in any business or enterprise which may be engaged in by a person, firm or corporation, by virtue of a franchise from said corporation * * * and for any or all such purposes, in order to raise means to carry out the same, shall have power to issue and sell bonds, bearing interest not to exceed six per centum per annum, maturing in twenty-five years, and redeemable at will in not less than ten years; and whenever any such public improvement shall have been constructed by means derived from the sale of bonds, as above provided, it shall be the duty of such city to fix the rates charged for service to the public, as nearly as practicable, so as to pay the interest and not less than three per centum per annum on the principal of such bonds in excess of the expenses of maintenance and operation; Provided, that whenever it shall be found impracticable to issue bonds as above provided, for any improvement deemed by such city necessary for the public welfare, without increasing the total indebtedness of such city beyond the constitutional limit, it shall be lawful for such city to lease at a stipulated rental any public improvement or utility from any person, firm or corporation which will contract to furnish the same; Provided, further, that any such rental contract shall reserve to such city the option to purchase such improvement or utility in future."

It is seen that the statute contemplates the issuance of bonds to be retired in a manner so as not to increase the municipal indebtedness beyond the constitutional limitation fixed by section 26, art. 10. The proviso in said statute is decisive of that point. Clearly, the section does not purport to authorize the issuance of bonds for an indebtedness beyond the constitutional limit as is done by section 27, art. 10, Constitution. It can, therefore, constitute no part of the contract between the city and the petitioner in the instant case.

Section 6063, O. S. 1931, was enacted by the Territorial Legislature (section 760, Stat. 1893), and now remains in force in this state unless the same is repugnant to the Constitution. Section 2, Schedule.

A comparison of the foregoing territorial statute and related sections with section 27, art. 10, of the Constitution, reveals a vast dissimilarity in the means and methods to be employed by municipalities in financing the purchase of municipal waterworks.

Section 6063, together with sections 6055 and 6066, O. S. 1931, contained the principal authority conferred upon municipalities prior to statehood with relation to the issuance of bonds for the purchase of waterworks. These sections are related and should be construed together as constituting the means and methods to be employed in the financing of such enterprise. Section 6066 was section 763 of the Statutes of 1893. It required a submission of the bond issue to the electors of the city. Section 6055 was enacted in 1905 and authorized the city to raise funds by taxation to retire such in-

debtedness. These sections, while they authorize a bonded indebtedness, have no bearing upon the proposition of increasing municipal indebtedness beyond a limitation otherwise fixed by law. The Constitution intervened at statehood fixing a limitation upon municipal indebtedness (section 26, art. 10), and providing a complete and self-executing method for increasing that indebtedness over the limitation for the specific purpose of financing utilities, including waterworks (sec. 27, art. 10), and we have said the method so prescribed is exclusive for that particular purpose.

In comparing the provisions of section 27, art. 10, with those of the territorial statutes we find, first, section 27 requires that the bond issue increasing the indebtedness be approved by a majority of the **qualified property taxpaying voters** voting at an election for that purpose; the territorial statutes (section 6066), required the matter to be submitted to a vote of the **electors** of the city. Second, section 27 requires that the municipality, before or at the time of incurring the indebtedness, make provision for the payment of annual interest, and the payment of the principal within 25 years by taxation; section 6055 authorizes a tax for the payment of the indebtedness, but fails to specify the manner of payment. Third, section 27 says the city shall create a sinking fund for the payment of the principal indebtedness within 25 years from the time of contracting the same; section 6063 provides "said bonds shall run 25 years, payable at any time after 10 years at the will of the city." This latter provision plainly states that the bonds must be executed to run 25 years, but subject to call after ten years. Under section 27 the bonds may be executed to run any stated period within 25 years. McDougald v. Broken Bow, 71 Okla. 231, 176 P. 959. Maturity thereof may be fixed at a date less than ten years. Section 6066, O. S. 1931, provides for the bond elections to be held at a general or special election, whereas, under section 27, bond election may be held only at a special election.

The foregoing provisions disclose a material dissimilarity between the Constitution and the statutes. This dissimilarity convinces us that the framers of the self-executing provisions of section 27, art. 10, intended that the then existing statutes should have no application as a means of transcending the newly created debt limitation fixed by section 26. The statutes are clearly out of harmony with section 27, and, as a means of increasing municipal indebt-

edness beyond the constitutional limitation, are repugnant to said section.

In reaching the foregoing conclusion, we are in some measure supported by our former holding that section 6055, O. S. 1931, so far as it relates to debt limitation, was abrogated, or at least modified, by section 26, art. 10, of the Constitution. Fairbanks Morse Co. v. Geary, 59 Okla. 22, 157 P. 720. There we said, in effect, that section 6055 does not apply to the situation where a municipality seeks to increase its indebtedness beyond the constitutional limitation. The statement of the court there should apply with like force to sections 6063 and 6066, since the three sections were related and constituted the statutory method of issuing waterworks bonds prior to the adoption of the Constitution.

The conclusion here reached is not in conflict with the decision in Board of County Com'rs of Harmon Co. v. R. J. Edwards, Inc., supra. There certain waterworks bonds of the town of Shattuck were under consideration. That decision clearly reveals that the bonds there were issued pursuant to the statutes and not to section 27, art. 10. No constitutional question seems to have been involved; the Constitution was not referred to directly or indirectly in the decision.

The judgment of the trial court is reversed and the cause remanded, with directions to grant the writ.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur. RILEY, PHELPS, and HURST, JJ., dissent. BUSBY, J., absent.