### BURCH v. CITY OF PAULS VALLEY et al.

No. 33398.    Dec. 21, 1948.

*201 P. 2d 247.*

Homer Paul, of Pauls Valley, for plaintiff in error.

Haskell Paul and S. H. King, both of Pauls Valley, for defendants in error.

Don Welch and Dan M. Welch, both of Madill, amici curiae.

GIBSON, J. Acting upon the purported authority of House Bill 466 (L. 1947, p. 56 et seq., sec. 311 to 318, inc.,

Tit. 11 O. S. Supp. 1947), the city of Pauls Valley enacted an ordinance authorizing the issuance of bonds of the city in the total amount of $585,000, payable from a portion of the net revenues to be derived from the water system of the city after its improvement and extension with the proceeds to be derived from the sale of said bonds. The portion so used bears the same relation to the balance of said revenue as the value or cost of the new extension bears to the appraised value of the old part of the water system. The legislative act does not require an election whereby the assent of the voters of the city is to be obtained as a condition precedent to incurring such indebtedness and none was had. Plaintiff in error, as plaintiff, instituted this action against the defendants in error, as defendants, to enjoin the issuance and sale of such bonds, and from the judgment of the trial court denying the injunction prosecutes this appeal.

For error, it is urged on authority of Zachary v. City of Wagoner, 146 Okla. 268, 292 P. 345, and later cases reaffirming the law as declared therein, that the amount of the indebtedness exceeds the limit prescribed by the Constitution (art. 10, sec. 26) and is not within the exception authorized by the Constitution (art. 10, sec. 27) and that the legislative act relied on, being clearly contrary to the constitutional provisions, is void and affords no authority for the bond issue. Defendants recognize that but for the legislative act, said cases would be controlling and the proposed bond issue unauthorized. But they contend that under the additional power granted cities by the act, which was enacted subsequent to the decisions, the exercise of the power thereunder was not within the purview of those decisions and therefore not inhibited thereby. And, in support of the contention, it is urged that the enlargement of the power of cities attempted to be afforded by the enactment should be given like effect as that given by statutes authorizing state agencies to incur indebtedness, notwithstanding the limitations thereon prescribed by sec-

tions 23 to 25, art. 10, Constitution, which were upheld by this court in Baker v. Carter, State Auditor, 165 Okla. 116, 25 P. 2d 747; Sheldon v. Grand River Dam Authority, 182 Okla. 24, 76 P. 2d 355; Boswell v. State, 181 Okla. 435, 74 P. 2d 940; State ex rel. Kerr, Gov., v. Grand River Dam Authority, 195 Okla. 8, 154 P. 2d 946.

The question is whether the act was effective to enlarge the powers that previously obtained under the Constitution. In the syllabus to Zachary v. City of Wagoner, supra, we declared:

"2. The provisions of sections 26 and 27, article 10, of the Constitution apply without regard to the source from which the funds pledged to the payment of the indebtedness incurred are to be obtained.

"3. The fact that an indebtedness incurred by a municipality is to be paid only from some source other than ad valorem taxation does not render inoperative the limitation contained in section 26, article 10, of the Constitution, or extend the grant of authority contained in section 27, article 10, of the Constitution.

"4. 'Where the Constitution confers the power to do a particular act and prescribes the means and manner of doing such act, such means or manner is exclusive of all others.' City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640."

These holdings not only negative any power then existing under the Constitution such as is sought to be exercised herein, but excludes the idea that such power may be acquired by holding that the only exception to the limitation prescribed by section 26 is that prescribed in section 27, which is there held to be self-executing and exclusive.

In Baker v. Carter, and other cases, supra, relied on as affording a rule of construction properly to be applied herein, the court was dealing with state agencies in contradistinction to municipalities, concerning which different constitutional provisions apply. It was held that the provisions there applicable did not exclude the exercise of the additional powers granted by statute to such agencies. There is nothing in

the holdings in those cases that detracts from the force of the holdings in Zachary v. City of Wagoner, supra, and cases following it. And that there was no intent to do so is reflected by the fact that the distinctive status of such agencies in comparison to that of municipalities is emphasized in the opinions.

House Bill 466, S. L. 1947, p. 56 et seq. (appearing as sections 311 to 318, inclusive, of Tit. 11 O. S. Supp. 1947), purporting to authorize incorporated cities and towns of the state, without the assent of the voters thereof to incur indebtedness in excess of that permitted by section 26, art. 10, of the Constitution, and not within the exception thereto provided by section 27 of said article 10, is contrary to and violative of said provisions and therefore void.

Judgment of the trial court is reversed and the cause remanded, with instructions to grant the injunction.

DAVISON, V. C. J., and RILEY, BAYLESS, CORN, and ARNOLD, JJ., concur. HURST, C. J., dissents.