Application of the CITY COUNCIL OF THE CITY OF TAHLEQUAH, Oklahoma, Acting for and in behalf of The City of Tahlequah, for the Approval of $1,200,000 Natural Gas Revenue Bonds of 1955.

No. 36799.

Supreme Court of Oklahoma.

May 3, 1955.

Rehearing Denied June 7, 1955.

Application for Leave to File Second Petition for Rehearing Denied
July 19, 1955.

Eugene Carr, Tahlequah, George J. Fagin, Oklahoma City, for applicant.

Henry M. Vance, C. F. Bliss, Tahlequah, Thomas L. Gibson, Muskogee, Don Welch, Madill, for protestants.

DAVISON, Judge.

This is an original proceeding in this court seeking the approval of Natural Gas Revenue Bonds in a total principal amount of $1,200,000 proposed to be issued by the City of Tahlequah, Oklahoma, under authority of 11 O.S.Supp.1953, § 449.1 et seq. The parties will be referred to as applicant and protestants.

On April 6, 1954, at an election held in said city, the issuance of $1,200,000 worth of Gas Revenue Bonds was approved by a majority of the tax paying voters of the City of Tahlequah, Oklahoma. Other proceedings were had, in conformity with 11 O.S.Supp.1953, §§ 449.1 to 449.20, Title 11, Chapter 8, Session Laws of Oklahoma 1953. This proceeding was then filed in this court in compliance with sec. 449.18 seeking the approval of the bonds sought to be issued. Proper notice of the application was given and, within the time allowed, a protest was filed by various residents and taxpayers of said city, a member of the city council and the mayor thereof.

The principal argument advanced by the protestants is that the 1953 act, supra, is in violation of the Oklahoma Constitution, Art. X, sec. 27. It is pointed out and argued that said constitutional provision imposes three requirements for the validity of a proposed bond issue under the authority thereby conferred upon municipal corporations, as follows:

1st—The utility proposed to be purchased or constructed must be owned exclusively by the city or town;

2nd—The bond issue must be approved at an election;

3rd—The city or town shall provide for the collection of an annual tax sufficient to pay the indebtedness contracted and the interest thereon in a certain specified manner.

We will first consider the proposition argued in connection with the last enumerated requirement. It has heretofore been determined by this court that the constitutional provision, Article X, sec. 27, is self-executing, providing an exclusive manner in which a municipality may become indebted for the purposes stated and that the same may not be abridged or extended by the legislature. State ex rel. Edwards v. Miller, 21 Okl. 448, 96 P. 747; City of Sapulpa v. Land, 101 Okl. 22, 223 P. 640, 35 A.L.R. 872; Williams v. City of Norman, 85 Okl. 230, 205 P. 144; State ex rel. Edwards, Inc., v. Keith, 179 Okl. 563, 66 P.2d 1059.

Art. X, sec. 27, Oklahoma Constitution provides that,

"Any incorporated city or town in this State may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city: Provided, That any such city or town incurring any such indebtedness requiring the assent of the voters as aforesaid, shall have the power to provide for, and, before or at the time of incurring such indebt-

edness, shall provide for the collection of an annual tax in addition to the other taxes provided for by this Constitution, sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five years from the time of contracting the same."

In the instant case the bonds were proposed to be issued for the purpose of purchasing and installing a natural gas distribution system in said city. The bonds are not general obligations of the municipality but are payable from funds to be accumulated by income from the use and operation of the gas distribution system. No part is to be paid from money derived from ad valorem taxes. For that reason, no provision is made in the bonds or the proceedings in connection therewith for the levy of a tax to pay said bonds or the interest thereon. In that respect they are in violation of the above quoted section of the Constitution.

We have not heretofore been confronted with the identical situation here involved but we have had occasion to pass upon the same general question in cases involving other public utility financing by cities. In the case of Burch v. City of Pauls Valley, 201 Okl. 78, 201 P.2d 247, 248, the proposed bonds were to be issued for the purpose of improving and extending the city water system. They were to be paid from the revenue derived from the water system and were not to be general obligations of the city payable from ad valorem taxes. In that case, the earlier case of Zackary v. City of Wagoner, 146 Okl. 268, 292 P. 345, was followed and was quoted from as follows:

"'2. The provisions of sections 26 and 27, article 10, of the Constitution apply without regard to the source from which the funds pledged to the payment of the indebtedness incurred are to be obtained.

"'3. The fact that an indebtedness incurred by a municipality is to be paid only from some source other than ad valorem taxation does not render inoperative the limitation contained in

section 26, article 10, of the Constitution, or extend the grant of authority contained in section 27, article 10, of the Constitution.

" '4. "Where the Constitution confers the power to do a particular act and prescribes the means and manner of doing such act, such means or manner is exclusive of all others." City of Sapulpa v. Land, 101 Okl. 22, 223 P. 640, 35 A.L.R. 872.' "

It was also pointed out in the Burch case, supra, that,

"In Baker v. Carter, [165 Okl. 116, 25 P.2d 747] and other cases, supra, relied on as affording a rule of construction properly to be applied herein, the court was dealing with state agencies in contradistinction to municipalities, concerning which different constitutional provisions apply. It was held that the provisions there applicable did not exclude the exercise of the additional powers granted by statute to such agencies. There is nothing in the holdings in those cases that detracts from the force of the holdings in Zachary v. City of Wagoner, supra, and cases following it. And that there was no intent to do so is reflected by the fact that the distinctive status of such agencies in comparison to that of municipalities is emphasized in the opinions."

Applicant takes the position that the Zachary and Burch cases infer that, if the proposed bonds are submitted to the tax paying voters for approval, the requirements of said Art. X, sec. 27, of the Constitution have been met. As supporting such a position other cases are quoted from, including City of McAlester v. State ex rel., etc., 195 Okl. 1, 154 P.2d 579; City of Tecumseh v. Butler, 148 Okl. 151, 298 P. 256; and Layne-Western Co. v. City of Depew, 177 Okl. 338, 59 P.2d 269. Typical of the quotations relied upon is the following one taken from the Zachary case, supra [146 Okl. 268, 292 P. 349],

"If the city of Wagoner desires to purchase the property sought to be purchased, it may submit the question to the qualified property taxpaying voters of the city, and, upon the approval thereof by a majority thereof, the city may make the purchase without regard to any constitutional limitation, under the provision of section 27, article 10, of the Constitution."

The conclusion reached in those cases was that a public utility could not be bought or constructed without approval by an election called for that purpose. Other requirements were involved and it was not intended that the opinions should determine them.

In the early case of Town of Walters v. Orth, 59 Okl. 99, 158 P. 352, it was held that,

"Under article 10, section 27, of the Constitution of this state, any contract of any city incurring an indebtedness for any purpose named therein which required the assent of the voters therefor is void, unless such city, before or at the time of incurring such indebtedness, shall provide for the collection of an annual tax in addition to the other taxes provided for by the Constitution sufficient to pay the interest on such contracted indebtedness as it falls due and to constitute a sinking fund for the payment of the principal thereof within 25 years from the time of contracting the same."

To the same general effect is the case of Adjustment Realty Co. v. Excise Board, 148 Okl. 70, 299 P. 207. Not only do the bonds and the proceedings in connection therewith fail to make any provision of a tax levy for their payment, but they and the statutes under which the proceedings were had negative any such provision. For that reason, they are in contravention of the provisions of Art. X, sec. 27, Oklahoma Constitution and are void.

The views and argument herein expressed have no application to proceedings concerning self liquidation indebtedness of the sovereign state for the reason that municipalities are limited and restricted by the provisions of Art. X, section 27, of the Constitution which has no application to the

state. This distinction was recognized in the quotation from the Burch case, supra.

Because of our views on the proposition discussed, it is not necessary to consider the other questions presented.

The application is denied.

WILLIAMS, V. C. J., and WELCH, CORN and JACKSON, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.