Teachers Retirement — OEA — Membership — Unconstitutional Title 70 O.S. 17-3 [70-17-3](f), allowing certain employees of the Oklahoma Secondary School Activities Association, the Oklahoma State School Boards Association, and the Oklahoma Education Association to continue active membership in the teachers' retirement system is unconstitutional. The Attorney General has had under consideration your letter of April 29, 1968, wherein you ask the following question: "I request an opinion from your office on the constitutionality of the Teacher's Retirement Bill (House Bill 1163). "The section in question is under Title 70, Article 17, Section 3, Subsection f, under Membership (on Page 1107 of the 1967 supplement). This sub-section specifies that the Oklahoma Education Association, a private, non-profit education association, comes under the State's Teachers Retirement Act. Is this constitutional?" 70 O.S. 17-3f [70-17-3f] (1967), to which you refer provides as follows: "The professional employees of the Oklahoma Secondary School Activities Association, the Oklahoma State School Boards Association, and the Oklahoma Education Association, provided such professional employees had, at the time of their employment by such organizations, been members of the teachers' retirement system for five (5) years, shall be allowed to retain membership in said system. Provided, further, that at the time any contribution is submitted by or on behalf of any such employee, a like amount shall be contributed by their respective employer, and should any such employee subsequently withdraw from such retirement system, as provided in Section 17-5, subsection 6 of this Article, the employing organization shall be credited with the amount of contribution which it has made on behalf of such employee against future contributions due from such organization, but such credit shall not include any interest accumulation." We call your attention to ArticleV, Section 62 of the Constitution of Oklahoma which provides: "The Legislature may enact laws to provide for the retirement for meritorious service of teachers and other employees in the public schools, colleges and universities in this State supported wholly or in part by public funds, and may provide for payments to be made and accumulated from public funds, either of the State or of the several school districts. Payments from public funds shall be made in conformity to equality and uniformity within the same classifications according to duration of service and remuneration received during such service." The maxim Expressio unius est exclusio alterius seems to be applicable to your question. 16 C.J.S. Constitutional Law, Section 21 provides in relevant part: "Applying the maxim, Expressio unius est exclusio alterius, the enumeration of certain specified things in a constitutional provision will usually be construed to exclude all things not thus enumerated. . . ." This concept of constitutional interpretation was applied by the Supreme Court of Oklahoma in McCurtain County Excise Board v. St. Louis-San Francisco Railway Company, Okl., 340 P.2d 213, wherein the court stated in the body of its opinion: "Also applicable is the holding in paragraph 4 of the syllabus in Zachary v. City of Wagoner, 146 Okl. 268,292 P. 345, 346, as follows: "Where the Constitution confers the power to do a particular act and prescribes the means and manner of doing such act, such means or manner is exclusive of all others. City of Sapulpa v. Land,101 Okl. 22, 223 P. 640, 35 A.L.R., 872." The Constitutional provision with which we are concerned clearly confers on the Legislature the power to provide for a retirement program for teachers and other employees in public schools with payments from public funds. No mention whatsoever is made about former teachers who are presently employees of private associations. With an enumeration of specific beneficiaries we must conclude that unspecified individuals are to be excluded from the scope of this authorization. The Legislature has been permitted to enable by statute this constitutional provision by the terms of the provision itself, however, the Legislature cannot exceed the authorization provided by the Constitution. In Baker v. Bosworth, 222 P.2d 416, the Supreme Court of Colorado, while dealing with the enabling of a constitutional provision, stated in the body of its opinion: "It is quite uniformly held as stated in 16 C.J S., Constitutional Law, Section 48, p. 99: `Only such legislation is permissible as is in the furtherance of the purpose, or as will facilitate the enforcement of such provision, and legislation which will impair, limit or destroy rights granted by the provision is not permissible. . . .'" (Emphasis added) It is therefore the opinion of the Attorney General that your question should be answered in the negative in that sub-section f of 70 O.S. 17-3 [70-17-3] (1967) is unconstitutional. (Dale F. Crowder)