Hitchcock, J.
The question arising in this case was submitted without argument.
At a former term of the Supreme Court in the county of Brown, a judgment was rendered in this case in favor of the plaintiff, and the proceedings stayed by order of court, on the application of the defendants for the benefit of the law for the relief of occupying claimants of land.
At the last term of the court, the jury summoned by the sheriff to Value the improvements, made a return to the clerk of the court, pursuant to law. This return was objected to by the plaintiffs, on the ground that no notice had been givon of the time at which the valuation was to be made. And for the purpose of settling the practice in cases of this description, the case was reservod.
*These proceedings under the occupying claimant law have been considered by this court as being separate and distinct from the action of ejectment, although the judgment in the ejectment case can not be carried into execution until they are closed. And when the application is made by the defendant and a judgment is given in his favor, the court will order the lessee of the plaintiff to pay the costs. 1 Ohio, 156.
The statute provides that a jury may be called for the assessment of damages and for the valuation of improvements, by either party; and the jury are to be drawn in the same manner as they are required by law to be drawn in other cases. And if the jurors drawn do not all attend, or if any of them are of kin to either of the parties, the sheriff is authorized to summon talismen to fill the panel. If the jurors report a sum in favor of the plaintiff in ejectment, the court is required to render judgment therefor without pleadings, and issue execution thereon as in other cases. Whether *32 the'report is favorable or unfavorable to the plaintiff, he is barred of his action for mesne profits. If the report of the jury is in favor of the occupying claimant, the plaintiff can not have execution on his judgment until he has first paid the amount assessed against him by the jury, unless he shall elect to convey the land to the occupying claimant at its appraised value, and tho claimant shall have neglected or refused to make payment.
All these circumstances go to prove that the proceedings under this law are far from being ex parte. They are, in their progress and results, of as much interest to the parties as ordinary proceedings usually are. 'As a general rule, parties to be affected by judicial proceedings should have notice. No express provision is made, however, by this statute; that notice shall be given. But this court is authorized to regulate its practice, not interfering with express legislative enactment. Tho only objection to requiring notice is, that by possibility, the party to be affected thereby may be a non-resident. In such case notice might be given to the attorney, as in cases of error. In any view which we can take of the case, it seems to us proper and necessary that notice should be given ; and *as it was not done in the case before us, the return of the jurors is set aside, the costs to abide the final disposition of the case.