AIRCRAFT AND AIRPORTS
A municipality with a statutory aldermanic form of government may, through the exercise of its general powers and those contained within the Municipal Airports Act, 3 O.S. 65.1 [3-65.1] et seq. (1971), declare an airport abandoned and offer the same for sale or lease without violating the provisions of 11 O.S. 33-204 [11-33-204] (1977). The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Do the provisions of the Municipal Airports Act, 3 O.S. 65.1 [3-65.1] et seq., authorize a city with a statutory aldermanic form of government to dispose of an abandoned airport by sale or lease without first submitting the transaction for approval to the registered voters of the municipality in accordance with the provisions of 11 O.S. 35-203 [11-35-203] (1977)? The general powers of municipalities is contained in 11 O.S. 22-101 [11-22-101] (1977), which states: "All incorporated municipalities shall be bodies corporate and politic, and shall have the powers to: ". . . "3. Sell and convey any real or personal property owned by the municipality and make orders respecting the same as may be conducive to the best interests of the municipality;" This general power is limited as it pertains to public utilities by the provisions of 11 O.S. 35-203 [11-35-203] (1977), which requires that any proposed sale or lease of a public utility must be approved by submitting the proposition by election to the registered voters of the municipality. While the statutes of the State of Oklahoma do not determine airports as public utilities, numerous cases make holdings to that effect. See, Price, et al. v. Storms, et al., Board of Trustees, 130 P.2d 523
(1942); City of Tulsa v. Williamson, 276 P.2d 209 (1954). Your question presents a different problem in that the proposed sale is one involving an abandoned airport facility. In the case of Robinson v. Hal Johnson and Company, 243 P.2d 657 (1952), the Court addressed itself to a very similar situation in which the City of Shawnee, through a city commission resolution, declared certain property was abandoned as an airport or for other public utility purposes, and accepted a lease arrangement on the property without following the statute then in effect governing the sale or lease of a public utility. There the Court ruled that a municipality may sell or lease an abandoned public utility by the exercise of its general powers as contained within its city charter. Also see the provisions of 3 O.S. 65.1 [3-65.1] et seq. (1971), Municipal Airports Act. While the statutes covering cities and towns have since been amended within Title 11, they do not appear to effect the spirit or letter of the above decision or be in conflict with the statutory provisions involved therein which have since been repealed. It is, therefore, the opinion of the Attorney General that a municipality with a statutory aldermanic form of government may, through the exercise of its general powers and those contained within the Municipal Airports Act, 3 O.S. 65.1 [3-65.1] et seq. (1971), declare an airport abandoned and offer the same for sale or lease without violating the provisions of 11 O.S. 33-204 [11-33-204] (1977). (JOHNNY J. AKINS) (ksg)