OPINION — AG — ** MUNICIPALITY ** A MUNICIPALITY USING REVENUES FROM A MUNICIPALLY OWNED ELECTRICAL UTILITY TO HELP FUND THE COST OF CITY SERVICES, MAY SET THE SAME ELECTRICAL RATE FOR ITS CUSTOMERS WITHOUT THE CITY LIMITS AS FOR ITS CUSTOMERS WITHIN THE CITY LIMITS. WHETHER OR NOT THE RATES RESULT IN UNFAIR DISCRIMINATION AGAINST ANY GROUP OF RATEPAYERS IS A QUESTION OF FACT AND MUST BE DETERMINED ON A CASE BY CASE BASIS. CITE: 11 O.S. 1979 Supp., 35-101 [11-35-101] (MUNICIPALITIES, MUNICIPAL UTILITIES) (JERRY C. BLACKBURN) FILENAME: m0009995 Representative Stratton Taylor Attorney General of Oklahoma — Opinion February 18, 1981 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your opinion request asking: "May a municipality that uses the sale of electricity as a principal source of revenue to fund city services charge the same electrical rates to non-residents of the city who do not receive the benefits of such services as such municipality charges to city residents who do receive city services." The statutory authority for municipalities to extend their sale of electricity beyond the corporate limits of the municipality is found at 11 O.S. 35-101 [11-35-101] (1979), which provides: "Any municipality owning or operating its own system of generating or distributing energy or utilities, and any municipality engaged in the distribution of energy or utilities, may extend its lines and mains beyond the corporate limits of the municipality. Such municipality may acquire, erect, construct and own all necessary poles, wire, lines, pipelines and mains, apparatus and sub-stations, and acquire rights-of-way, and do all other things necessary and proper in carrying on the business outside of the corporate limits of the municipality to the same effect as it may now do within the corporate limits of the municipality. Such municipality may construct or acquire lines, pipelines or mains by purchase or otherwise and may sell such service to any person, firm or corporation outside of the limits of the municipality." The Oklahoma Supreme Court has found that the constitutional and statutory provisions granting municipalities the privilege of engaging in the delivery of utilities do not specifically prescribe what rates a municipally owned utility may charge, nor to what purpose the profits from the operation must be appropriated. St. Louis-San Francisco Ry. Co. v. Andrews, 137 Okl. 222, 278 P. 617
(1928); Sharp v. Hall, Okl., 181 P.2d 972 (1947). Since municipalities have the power to set their own utility rates, the question becomes whether the rates charged discriminate unfairly against some particular segment of rate payers. This question can only be answered on a case-by-case basis. It is, therefore, the official opinion of the Attorney General that a municipality using revenues from a municipally owned electrical utility to help fund the cost of city services, may set the same electrical rate for its customers without the city limits as for its customers within the city limits. Whether or not the rates result in unfair discrimination against any group of ratepayers is a question of fact and must be determined on a case-by-case basis. (Jerry C. Blackburn)